*Transfer from the NDof Illinois → 3/31/16*

**16-CV-1473**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Philadelphia, PA_ **16   1473**

Address of Defendant: _Hartford, CT_

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☐

Does this case involve multidistrict litigation possibilities?  Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
         Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAR 31 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/31/16_   _Steve Tomas_   _Deputy Clerk_
                   Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

R+Q Reinsurance Company, et al,      CIVIL ACTION

v.

St. Paul Fire + Marine Insurance Company      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

3/31/16     Steve Thomas     Deputy Clerk
Date     ~~Attorney-at-law~~     ~~Attorney for~~

Telephone     FAX Number     E-Mail Address

(Civ. 660) 10/02

MAR 31 2016

TERMED,VALDEZ

**United States District Court**
**Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:15-cv-07784**

**16     1473**

R&Q Reinsurance Company v. St. Paul Fire And Marine Insurance Company
Assigned to: Honorable Sharon Johnson Coleman
Demand: $75,000
Cause: 28:1332 Diversity-Insurance Contract

Date Filed: 09/03/2015
Date Terminated: 03/30/2016
Jury Demand: Both
Nature of Suit: 110 Contract: Insurance
Jurisdiction: Diversity

### Plaintiff

**R&Q Reinsurance Company**
*formerly known as*
ACE American Reinsurance Company
*formerly known as*
Cigna Reinsurance Company
*formerly known as*
INA Reinsurance Company

represented by **Ross D. Roloff**
Merlo Kanofsky Gregg & Machalinski Ltd.
208 South Lasalle Street
Suite 1750
Chicago, IL 60604
(312) 553-5500
Fax: (312)553-1586
Email: rdr@merlolaw.com
*TERMINATED: 11/20/2015*
*LEAD ATTORNEY*

**Lloyd A. Gura**
Mound Cotton Wollan & Greengrass
One New York Plaza
New York, NY 10004
(212) 804-4200
Email: lgura@moundcotton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael P. Connelly**
Rock Fusco & Connelly, LLC
321 N. Clark Street
Suite 2200
Chicago, IL 60654
(312) 251-2255
Fax: 312-494-1001
Email: mconnelly@rfclaw.com
*ATTORNEY TO BE NOTICED*

**Michael H Goldstein**
Mound, Cotton, Wollan & Greengrass
One New York Plaza
New York, NY 10004
(212) 804-4200

Email: mgoldstein@moundcotton.com
*ATTORNEY TO BE NOTICED*

**Michael Raymond Gregg**
Merlo Kanofsky Gregg & Machalinski Ltd.
208 South Lasalle Street
Suite 1750
Chicago, IL 60604
(312) 553-5500
Email: mrg@merlolaw.com
*TERMINATED: 11/20/2015*

**Nicholas Howell Horsmon**
Mound Cotton Wollan & Greengrass LLP
44th Floor
One New York Plaza
New York, NY 10004
(212) 804-4562
Email: nhorsmon@moundcotton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**St. Paul Fire And Marine Insurance Company**    represented by    **Bruce M. Engel**
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606-6308
(312) 627-4000
Email: bengel@tresslerllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail E Rocap**
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
Email: arocap@tresslerllp.com
*ATTORNEY TO BE NOTICED*

**David A. Attisani**
Choate Hall & Stewart Llp
2 International Place
Boston, MA 02110

(617) 248-5271
Email: dattisani@choate.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/03/2015 | 1 | COMPLAINT filed by R&Q Reinsurance Company; Jury Demand. Filing fee $ 400, receipt number 0752-11049044. (Attachments: # 1 Exhibit A)(Roloff, Ross) (Entered: 09/03/2015) |
| 09/03/2015 | 2 | CIVIL Cover Sheet (Roloff, Ross) (Entered: 09/03/2015) |
| 09/03/2015 | 3 | ATTORNEY Appearance for Plaintiff R&Q Reinsurance Company by Ross D. Roloff (Roloff, Ross) (Entered: 09/03/2015) |
| 09/03/2015 |   | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable Maria Valdez. (dc, ) (Entered: 09/03/2015) |
| 09/03/2015 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by R&Q Reinsurance Company (Roloff, Ross) (Entered: 09/03/2015) |
| 09/03/2015 | 5 | ATTORNEY Appearance for Plaintiff R&Q Reinsurance Company by Michael Raymond Gregg (Gregg, Michael) (Entered: 09/03/2015) |
| 09/03/2015 |   | SUMMONS Issued as to Defendant St. Paul Fire And Marine Insurance Company (pg, ) (Entered: 09/03/2015) |
| 09/11/2015 | 6 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-11073957. (Goldstein, Michael) (Entered: 09/11/2015) |
| 09/11/2015 | 7 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-11074922. (Gura, Lloyd) (Entered: 09/11/2015) |
| 09/28/2015 | 8 | SUMMONS Returned Executed by R&Q Reinsurance Company as to St. Paul Fire And Marine Insurance Company on 9/4/2015, answer due 9/25/2015. (Gregg, Michael) (Entered: 09/28/2015) |
| 09/29/2015 | 9 | MOTION by Plaintiff R&Q Reinsurance Company for default judgment as to *Defendant St. Paul Fire & Marine Insurance Company* (Roloff, Ross) (Entered: 09/29/2015) |
| 09/29/2015 | 10 | MEMORANDUM by R&Q Reinsurance Company in support of motion for default judgment 9 (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix, # 4 Appendix)(Roloff, Ross) (Entered: 09/29/2015) |
| 09/29/2015 | 11 | DECLARATION of Ross D. Roloff regarding motion for default judgment 9 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Roloff, Ross) (Entered: 09/29/2015) |
| 09/29/2015 | 12 | MOTION by Plaintiff R&Q Reinsurance Company to withdraw motion for default judgment 9 (Attachments: # 1 Exhibit 1)(Roloff, Ross) (Entered: 09/29/2015) |
| 09/29/2015 | 13 | NOTICE of Motion by Ross D. Roloff for presentment of motion to withdraw, |

| | | |
|---|---|---|
| | | motion for relief 12 before Honorable Sharon Johnson Coleman on 10/7/2015 at 08:45 AM. (Roloff, Ross) (Entered: 09/29/2015) |
| 10/07/2015 | 14 | ATTORNEY Appearance for Defendant St. Paul Fire And Marine Insurance Company by Bruce M. Engel (Engel, Bruce) (Entered: 10/07/2015) |
| 10/07/2015 | 15 | ATTORNEY Appearance for Defendant St. Paul Fire And Marine Insurance Company by Abigail E Rocap (Rocap, Abigail) (Entered: 10/07/2015) |
| 10/07/2015 | 16 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 10/7/2015. Plaintiff's motion for leave to withdraw its motion for default judgment 12 is granted. Plaintiff's motion for default judgment 9 is withdrawn. Applications by Michael H. Goldstein 6 and Lloyd A. Gura 7 for leave to appear pro hac vice are granted. The court sets this case for status hearing on 10/26/2015 at 09:00 AM. The parties are directed to meet and discuss the status of the case. The parties are to file a joint status report by 10/22/2015 in the format described on the court's website at www.ilnd.uscourts.gov. The parties are directed to discuss settlement, and whether they consent to proceed before the Magistrate Judge.Mailed notice (rth, ) (Entered: 10/07/2015) |
| 10/13/2015 | 17 | CORPORATE DISCLOSURE STATEMENT by Defendant St. Paul Fire And Marine Insurance Company. (Engel, Bruce).(Docket Text Modified by Clerks Office). (tt, ). (Entered: 10/13/2015) |
| 10/13/2015 | 18 | ANSWER to Complaint with Jury Demand by St. Paul Fire And Marine Insurance Company(Engel, Bruce) (Entered: 10/13/2015) |
| 10/13/2015 | 19 | NOTICE by St. Paul Fire And Marine Insurance Company re answer to complaint 18 , MOTION by Defendant St. Paul Fire And Marine Insurance Company for disclosure *(Corporate Disclosure)* 17 (Engel, Bruce) (Entered: 10/13/2015) |
| 10/13/2015 | 20 | MOTION by Defendant St. Paul Fire And Marine Insurance Company to transfer case (Engel, Bruce) (Entered: 10/13/2015) |
| 10/13/2015 | 21 | MEMORANDUM *in Support* (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Appendix, # 26 Appendix, # 27 Appendix, # 28 Appendix, # 29 Appendix, # 30 Appendix, # 31 Appendix, # 32 Appendix, # 33 Appendix, # 34 Appendix, # 35 Appendix)(Engel, Bruce) (Entered: 10/13/2015) |
| 10/13/2015 | 22 | NOTICE of Motion by Bruce M. Engel for presentment of motion to transfer case 20 before Honorable Sharon Johnson Coleman on 10/27/2015 at 08:45 AM. (Engel, Bruce) (Entered: 10/13/2015) |
| 10/14/2015 | 23 | ATTORNEY Appearance for Plaintiff R&Q Reinsurance Company by Michael H Goldstein (Goldstein, Michael) (Entered: 10/14/2015) |
| 10/21/2015 | 24 | MOTION by Defendant St. Paul Fire And Marine Insurance Company to set a |

| | | |
|---|---|---|
| | | briefing schedule - *Agreed Motion* (Engel, Bruce) (Entered: 10/21/2015) |
| 10/21/2015 | 25 | MOTION by Defendant St. Paul Fire And Marine Insurance Company for order - *Agreed Order* (Engel, Bruce) (Entered: 10/21/2015) |
| 10/21/2015 | 26 | *Agreed* NOTICE of Motion by Bruce M. Engel for presentment of motion by filer to set a briefing schedule 24, motion for order 25 before Honorable Sharon Johnson Coleman on 10/27/2015 at 08:45 AM. (Engel, Bruce) (Entered: 10/21/2015) |
| 10/23/2015 | 27 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-11217939. (Attisani, David) (Entered: 10/23/2015) |
| 10/23/2015 | 28 | MINUTE entry before the Honorable Sharon Johnson Coleman:Defendants motions to set a briefing schedule 24 and enter an agreed order 25 are granted. No appearance is necessary on 10/26 or 10/27 and no initial status report is required at this time. Defendants response to Plaintiff's motion for transfer 20 is due by 11/24. Plaintiff's reply due by 12/15. Once the motion is fully briefed, the Court will take it under advisement. Mailed notice (air, ) (Entered: 10/23/2015) |
| 10/23/2015 | 29 | MINUTE entry before the Honorable Sharon Johnson Coleman: Application by David A. Attisani for leave to appear pro hac vice 27 is granted.Mailed notice (rth, ) (Entered: 10/23/2015) |
| 11/16/2015 | 30 | MOTION by Plaintiff R&Q Reinsurance Company to substitute attorney (Roloff, Ross) (Entered: 11/16/2015) |
| 11/20/2015 | 31 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's motion for leave to substitute attorney 30 is granted. Movant is reminded that compliance with Local Rule 5.3(b) regarding a notice of presentment is required.Mailed notice (rth, ) (Entered: 11/20/2015) |
| 11/23/2015 | 32 | ATTORNEY Appearance for Plaintiff R&Q Reinsurance Company by Michael P. Connelly (Connelly, Michael) (Entered: 11/23/2015) |
| 11/24/2015 | 33 | MEMORANDUM by R&Q Reinsurance Company in Opposition to motion to transfer case 20 (Attachments: # 1 Declaration Declaration of Lloyd A. Gura, # 2 Exhibit Exhibit A to Declaration of Lloyd A. Gura, # 3 Exhibit Exhibit B to Declaration of Lloyd A. Gura, # 4 Exhibit Exhibit C to Declaration of Lloyd A. Gura, # 5 Exhibit Exhibit D to Declaration of Lloyd A. Gura, # 6 Exhibit Exhibit E to Declaration of Lloyd A. Gura, # 7 Cited Authorities)(Connelly, Michael) (Entered: 11/24/2015) |
| 12/15/2015 | 34 | REPLY by Defendant St. Paul Fire And Marine Insurance Company *in Support of its Motion to Transfer Venue* (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Appendix, # 5 Appendix, # 6 Appendix, # 7 Appendix, # 8 Appendix)(Engel, Bruce) (Entered: 12/15/2015) |
| 12/22/2015 | 35 | MOTION by Plaintiff R&Q Reinsurance Company for leave to file *a Sur-Reply* (Attachments: # 1 Sur-Reply Memorandum in Further Opposition to St. Paul's Motion to Transfer Venue)(Connelly, Michael) (Entered: 12/22/2015) |
| 12/22/2015 | 36 | MEMORANDUM by R&Q Reinsurance Company in support of motion for |

|  |  |  |
|---|---|---|
|  |  | leave to file 35 *a Sur-Reply* (Connelly, Michael) (Entered: 12/22/2015) |
| 12/22/2015 | 37 | *R&Q Reinsurance Company's* NOTICE of Motion by Michael P. Connelly for presentment of motion for leave to file 35 before Honorable Sharon Johnson Coleman on 1/7/2016 at 08:45 AM. (Connelly, Michael) (Entered: 12/22/2015) |
| 12/29/2015 | 38 | MEMORANDUM by St. Paul Fire And Marine Insurance Company in Opposition to motion for leave to file 35 *a Sur-Reply* (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix)(Engel, Bruce) (Entered: 12/29/2015) |
| 01/07/2016 | 39 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 1/7/2016. Plaintiff's motion for leave to file a surreply 35 is granted. The Court will consider Plaintiff's surreply only to the extent it responds to new factual matter raised in Defendant's reply brief. Although this Court generally disfavors surreplies, they are appropriate when new factual matter is raised in a reply. The Court finds that by specifically identifying new witnesses that were not identified in its initial brief Defendant's have introduced new factual matter to which Plaintiff should be permitted to respond. The Court will also take into consideration the oral arguments presented in court as to the weight the court should give to the new information and the response thereto. This Court will give the proper consideration to all of the briefs including the defendant's six page opposition brief 38 and will request further briefing if it feels necessary.Mailed notice (rth, ) (Entered: 01/07/2016) |
| 01/11/2016 | 40 | SUR-REPLY by Plaintiff R&Q Reinsurance Company to motion to transfer case 20 (Connelly, Michael) (Entered: 01/11/2016) |
| 02/10/2016 | 41 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-11598854. (Horsmon, Nicholas) (Entered: 02/10/2016) |
| 03/14/2016 | 42 | MOTION by Plaintiff R&Q Reinsurance Company for leave to file *Joint Status Report* (Attachments: # 1 Exhibit Exhibit A - Joint Status Report)(Connelly, Michael) (Entered: 03/14/2016) |
| 03/14/2016 | 43 | NOTICE of Motion by Michael P. Connelly for presentment of motion for leave to file 42 before Honorable Sharon Johnson Coleman on 3/29/2016 at 08:45 AM. (Connelly, Michael) (Entered: 03/14/2016) |
| 03/17/2016 | 44 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's joint motion for leave to file a joint status report 42 is denied. The Court may take judicial notice of the parallel Pennsylvania action and a status report is therefore not needed. No appearance required on 3/29/2016. Application by Nicholas H. Horsman for leave to appear pro hac vice 41 is granted. Mailed notice (rth, ) (Entered: 03/17/2016) |
| 03/30/2016 | 45 | MINUTE entry before the Honorable Sharon Johnson Coleman: St. Paul moves to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). As set forth in the memorandum opinion and order, all of the factors either weigh in favor of transfer or are neutral. For the foregoing reasons, Defendants' motion to transfer 20 is granted. Enter Memorandum Opinion and Order. This case shall be transferred forthwith to the Eastern District of Pennsylvania. Civil case terminated. Mailed notice (rth, ) (Entered: 03/30/2016) |

| 03/30/2016 | 46 | MEMORANDUM Opinion and Order Signed by the Honorable Sharon Johnson Coleman on 3/30/2016:Mailed notice(rth, ) (Entered: 03/30/2016) |
| 03/31/2016 | 47 | TRANSFERRED to the Eastern District of Pennsylvania the electronic record (jc, ) (Entered: 03/31/2016) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 03/31/2016 15:20:27 ||||
| PACER Login: | ue0496:4286791:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:15-cv-07784 |
| Billable Pages: | 5 | Cost: | 0.50 |



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| R&Q REINSURANCE COMPANY, f/k/a ACE AMERICAN REINSURANCE COMPANY, f/k/a CIGNA REINSURANCE COMPANY, f/k/a INA REINSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, <br><br> Defendants. | **16  1473** <br><br><br><br><br><br><br><br> Case No. 15-cv-7784 <br><br> Judge Sharon Johnson Coleman |

### MEMORANDUM OPINION AND ORDER

R&Q Reinsurance Company ("R&Q") filed a complaint for declaratory judgment against St. Paul Fire & Marine Insurance Company ("St. Paul"), asking this Court to find it had no obligation to pay St. Paul under a reinsurance contract because St. Paul's notice of loss was not timely. St. Paul now moves to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court grants the motion.

**Background**

In 1979, St. Paul and R&Q entered into a reinsurance contract in which R&Q agreed to reinsure commercial umbrella liability policies issued by St. Paul. Dkt 1 ¶6. At the time the contract was negotiated and formed, the insurance broker who helped St. Paul secure the contract, Guy Carpenter & Co., was located in Chicago. *Id.* So too were the R&Q employees who executed the contract. *Id.* St. Paul was located in Minnesota. *Id.* ¶ 9. The specific policies to be reinsured were identified in Certificates of Facultative Reinsurance issued by R&Q. *Id.* ¶ 6. One such certificate was FRC 033366 ("the certificate"), which reinsured an excess umbrella liability policy ("the policy") that

St. Paul had issued to Walter E. Campell, Co. ("Campbell",) for the period April 1, 1981 to April 1, 1982. *Id.* ¶ 8. The certificate provided that St. Paul was required to "promptly" advise R&Q of "any occurrence and any subsequent developments pertaining thereto" which in the opinion of St. Paul might implicate R&Q's reinsurance. *Id.* ¶ 11.

Pursuant to the policy, St. Paul defended and indemnified Campbell in several asbestos personal injury lawsuits. *Id.* ¶¶ 13-15. In April 2013, St. Paul sent R&Q its first notice of loss and demanded payment under the certificate. *Id.* ¶ 16. The notice of loss was sent via Guy Carpenter's Hartford, Connecticut office. Dkt. 21-6. In September 2015, R&Q filed suit for breach of contract and asked this Court for a declaratory judgment that it was not obligated to pay St. Paul because St. Paul had failed to provide prompt notice as required by the certificate. The following month, St. Paul filed a parallel suit for damages against R&Q in the Eastern District of Pennsylvania. Dkt. 21-2.

At the time the Illinois action was filed, R&Q was a Pennsylvania corporation and St. Paul was a Connecticut corporation. Dkt. 1 ¶¶ 1-2.

**Legal Standard**

A court may order transfer pursuant to 28 U.S.C. §1404(a) when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 WL 22012203, at *3 (N.D. Ill. Aug. 22, 2003).

**Discussion**

The parties do not dispute that venue is proper in this district and in the proposed transferee district. They only dispute whether transfer will serve the convenience of the parties and the interests of justice. When evaluating the convenience prong, courts are to consider "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v.*

2

*Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). When examining whether a transfer is in the interest of justice, the analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Id.* at 961. The Court should therefore consider the speed at which the case will proceed to trial, the court's familiarity with the applicable law, and each forum's relative interest in resolving the dispute. *Id.* at 961–962.

*1. Convenience Factors*

*a. Plaintiff's Choice of Forum*

A plaintiff's choice of forum is ordinarily granted substantial deference as long as the forum is somehow related to the case. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010). However, when there are two suits in different venues, each concerning the same set of facts, "this factor loses its significance entirely." *Id.* Furthermore, where one of the actions is for declaratory judgment and the other for damages or an injunction, the Seventh Circuit gives priority to the choice of forum in the suit for non-declaratory remedies, regardless of which action was filed first. *Id.* at 980. Consequently, this factor either favors transfer or is neutral.

*b. Situs of Material Events*

St. Paul asserts that the events most relevant to this case are the communications regarding the notice of loss, which occurred mostly between individuals and entities located in Pennsylvania and Connecticut. In contrast, R&Q focuses on the communications about the negotiation and execution of the reinsurance contract, which it maintains occurred mostly in Illinois. The Court agrees with St. Paul that in a breach of contract case, the location where the business decisions allegedly causing a breach occurred is more relevant than the location of contract formation. *See, e.g., Rosman Adjustment Corp. v. Bernay*, No. 12 C 8239, 2013 WL 453197, at *2 (N.D. Ill. Feb. 6, 2013)(Kennelly, J.); *Warfield Elec. Co. v. Warfield Elec. of Texas, Inc.*, No. 99 C 2901, 2000 WL 12446, at *3 (N.D. Ill. Jan. 3, 2000)(Gettleman, J.). Furthermore, in a case involving late notice to a reinsurer,

3

the central factual inquiry is at what point the insurer became obligated to notify the reinsurer. *Zenith Ins. Co. v. Employers Ins. of Wausau*, 141 F.3d 300, 305 (7th Cir. 1998). The material events would therefore also involve communications between St. Paul and the underlying claimant Campbell (a Maryland corporation) because the information transmitted from Campbell to St. Paul is the information that would put St. Paul on notice of the need to file a claim with R&Q. Thus the bulk of material events occurred in areas much closer to Pennsylvania than Illinois, with some of the material events occurring in Pennsylvania itself, therefore favoring transfer.

*c. Ease of Access to Sources of Proof*

Where evidence is easily transferable, "access to proof" is a neutral factor. *See, e.g., Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004)(Guzman, J.). Because the parties have not pointed to any non-documentary evidence that warrants special consideration, this factor is neutral.

*d. Convenience of the Parties*

St. Paul points to the principal place of business for each party (Pennsylvania and Connecticut) in arguing that the Eastern District of Pennsylvania is a more convenient forum. R&Q does not dispute that the Eastern District of Pennsylvania is a more convenient forum for both parties, but instead argues that St. Paul "has no standing" to make arguments about what is convenient for R&Q. However, courts often consider the plaintiff's residence when evaluating the convenience of the parties, even if the plaintiff opposes transfer. *See, e.g., Caldera Pharm., Inc. v. Los Alamos Nat. Sec., LLC*, 844 F. Supp. 2d 926, 931 (N.D. Ill. 2012) (Bucklo, J.). Because the parties reside either in Pennsylvania or closer to it than to Illinois, this factor favors transfer.

*e. Convenience of the Witnesses*

St. Paul identified the following witnesses for whom the Eastern District of Pennsylvania is a more convenient forum: (1) employees of R&Q who handled St. Paul's account and are located in

4

Philadelphia; (2) St. Paul employees involved in this matter located in Connecticut; (3) an unnamed underwriter who worked on the Campbell account and is currently located "in a neighboring state to Pennsylvania"; (4) an unnamed St. Paul direct claims handler who handled the Campbell account and who works in a Philadelphia suburb; (5) Guy Carpenter employees involved in this matter who are located in Hartford, Connecticut.

In response R&Q argues that (1) the Court should not consider any unnamed witnesses or any party witnesses in its analysis; (2) St. Paul has not adequately explained the relevance of the Guy Carpenter witnesses, and (3) key non-party witnesses who were involved in the negotiation and formation of the contract are located in Illinois.

The predominant view among district courts in this circuit is that "the convenience factor is less significant with regard to party witnesses than non-party witnesses." *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, No. 14 C 7488, 2015 WL 535981, at *3 (N.D. Ill. Feb. 9, 2015)(Kennelly, J.). Nonetheless, "giving a factor less weight is not the same as giving it no weight." *Id.* at 4. Whatever little weight it should be afforded, the convenience of the party witnesses favors transfer. It is undisputed that the party witnesses are located either in the Eastern District of Pennsylvania or closer to it than to this Court.

The convenience of the non-party witnesses also favors transfer. Although R&Q asserts that St. Paul has not adequately explained the significance of the Guy Carpenter witnesses, their significance is evident from the exhibits attached to St. Paul's motion. It was Guy Carpenter, via its employee Joseph Domingo, who transmitted the allegedly late notice to R&Q. Thus Domingo and other Carpenter employees are likely to have information about the timing of the decision to provide R&Q the notice of loss. As discussed above, the central factual dispute is the decision to provide notice at the time it was provided, not the negotiation and formation of the contract. Therefore the

5

Illinois non-party witnesses identified by R&Q are less material to the case than the Guy Carpenter witnesses identified by St. Paul.

2. *Interests of Justice Factors*

a. *Speed to Trial*

When considering the speed to trial factor, the Court looks to Federal Court Management Statistics[1] to evaluate which forum would provide a quicker resolution for the parties. The most recent tables of Federal Court Management Statistics show that the median time between filing and trial is 33 months in the Northern District of Illinois, making it the 54th speediest district. The Eastern District of Pennsylvania is ranked 27th, with a median filing-to-trial time of 24.5 months. The median time for disposition prior to trial is 7.3 months in the Northern District of Illinois; its rank in this category is 17. The Eastern District of Pennsylvania is ranked the 6th speediest district for disposing of cases prior to trial, with a median resolution time of 5.5 months. Because this action is more likely to be resolved sooner in the Eastern District of Pennsylvania than in this Court, this factor favors transfer.

b. *Familiarity with Applicable Law*

In order to assess each forum's familiarity with the applicable law, this Court must first assess what law applies to this case. Because this is a diversity action, the Court must apply the choice of law principles of the state in which it sits. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014). "Ordinarily, Illinois follows the Restatement (Second) of Conflict of Laws (1971) in making choice-of-law decisions." *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). Section 188 of the Restatement dictates that the law of the state with the most significant contacts to the contract should apply. Restatement (Second) of Conflict of Laws § 188 (1971). In determining which state has the most significant contacts, the Court must consider (1) the place of

---

[1] *available at* http://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics.

contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* These factors "are to be evaluated according to their relative importance with respect to the particular issue." *Id.* R&Q asserts that factors one and two favor the application of Illinois law. But the parties who negotiated and executed the contract communicated across multiple states, only one of which was Illinois. Furthermore, as discussed above, the place of contracting and negotiation is less important to the particular issue of late notice than the place of alleged non-performance and the location of the subject matter of the contract. These and the other remaining factors indicate the laws of Connecticut, Maryland, Minnesota, or Pennsylvania might apply. Without needing to determine definitively which state's law should apply in this case, the Court can easily conclude that Illinois law is unlikely to be applied. This factor therefore either favors transfer or is neutral.

*c. Relationship of Communities to Litigation*

Illinois' interest in this action is weak relative to that of Pennsylvania. Neither party is an Illinois resident, Illinois law is not likely to apply, and the events most relevant to the action occurred outside of Illinois. This factor favors transfer.

**Conclusion**

As set forth above, all of the factors either weigh in favor of transfer or are neutral. For the foregoing reasons, Defendants' motion to transfer is granted.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: March 30, 2016